ROSEVILLE TRUST COMPANY. PLAINTIFF-APPELLEE, v.
A. W. BARNEY, Jr., DEFENDANT-APPELLANT.

Argued June 2, 1915—Decided December 21, 1915.

A depositor cannot set off a deposit to his credit in a bank in the
    hands of the banking commissioner in the process of liquidation,
    against an indebtedness due the bank upon a promissory note upon
    which he was an endorser and for the amount of which note
    he received credit in his account with the bank, since the bank-
    ing commissioner, and not the bank, under the statute is the
    real party in interest, and a set-off in law relates solely to
    where there are mutual debts, extending, however, the right of
    set-off to the executors or administrators of such debtors.

On appeal from the First District Court of Newark.

Before Justices PARKER, MINTURN and KALISCH.

For the appellant, *Otto Stiefel.*

For the appellee, *Peirce & Hoover.*

The opinion of the court was delivered by

KALISCH, J.    The question presented on this appeal is
the right of a depositor to set off a deposit to his credit in
a bank, in the hands of the banking commissioner in the
process of liquidation, against an indebtedness due the bank
upon a promissory note upon which the appellant was an
endorser and for the amount of which note he received credit
in his account with the bank.

The case was tried by the court, sitting without a jury.
The trial judge found, among other facts, that on the 6th
day of June, 1913, A. W. Barney, the appellant's father,
made a promissory note payable in three months from the
date thereof, to his own order for the sum of $400, endorsed
it in blank and delivered it to his son who likewise endorsed
it in blank but with this addition: "For value received pre-

sentation demand protest and notice of dishonor is hereby waived;" and that the appellant acting by and through his father delivered the note to the trust company, and in consideration therefor the appellant received a credit on the books of the company in the sum of $394; that at that time the appellant was a customer of the trust company, depositing money and checks therein and drawing checks against his account in the regular course of business; that the bank was insolvent at the time it took the note and credited the appellant's account with the proceeds thereof, but that the fact of the insolvency was unknown to the appellant; that the appellant continued to make deposits and draw checks against his account which were paid until the 13th day of August, 1913, when the commissioner of banking and insurance took charge of the trust company because of its insolvency under the provisions of an act entitled, "An act concerning trust companies" (4 *Comp. Stat., p.* 5654), as amended by chapter 171 of the laws of 1913. *Pamph. L.* 1913, *p.* 282.

Among the assets of the bank was found the note in controversy. By the books of the bank it appeared that the appellant had a balance of $467.99 to his credit, on the 14th day of August, 1913. On the 8th day of September, 1913, the appellant drew his check upon the Roseville Trust Company, the appellee, for $400 to the order of the commissioner of banking and insurance and endorsed thereon, to be used to pay note of A. W. Barney for $400 due September 8th, 1913, which check the banking commissioner refused to accept.

On the 30th day of December, 1913, the Chancellor made an order authorizing the commissioner of banking and insurance to sell the business, good will, real, personal and mixed property and assets of every kind and nature, moneys, bills, notes, negotiable instruments, &c., to the Mutual Bank of Roseville.

The plaintiff brought its action on the note in question in January, 1914. The appellant filed a set-off for the sum of

$467.99, the amount credited to the appellant on the plaintiff's books. The trial judge disallowed the set-off and gave judgment for the plaintiff against the appellant for $438 damages, with costs.

The set-off was properly disallowed.

Although the action is entitled in the name of the trust company, as plaintiff, it is not the real party in interest. The act under which the commissioner of banking and insurance proceeded against the trust company expressly confers the power on him to prosecute and defend all suits and other legal proceedings in the name of such trust company.

The right of set-off rests upon statute. The statute authorizing a set-off in law relates solely to where there are mutual debts, extending, however, the right of set-off to the executors or administrators of such debtors. 4 *Comp. Stat., p.* 4836.

In construing this statute in *Receivers* v. *Paterson Gas Light Co.,* 23 *N. J. L.* 283, a case growing out of insolvency proceedings under the Corporation act, Chief Justice Green (on *p.* 288), says: "It is clear that the case is not within the provisions of the statute authorizing a set-off at law. As between the plaintiffs and the defendants, the claims are not mutual debts. Where there are mutual debts, there must be mutual remedies. But the defendants have no claim against the receivers. They could maintain no action against them. Nor could the defendants have judgment against the receivers in this action in case the set-off should exceed the plaintiff's demand."

The learned Chief Justice, having declared that the set-off was not authorized by the statute relating to set-offs (on *p.* 292), in commenting upon the Corporation act relating to insolvent corporations, says: "The statute, moreover in cases of mutual dealing between the corporation and any other person or persons expressly authorizes the receivers to allow just set-offs in favor of such persons, in all cases in which it shall appear to the receivers that the same ought to be allowed according to law." For this reason the set-off was allowed.

To the same effect is the construction given to the statute in *Stone* v. *New Jersey and Hudson River Railway Co.,* 75 *N. J. L.* 172. For a history of the statute relating to set-offs, see opinion of Mr. Justice Swayze, in *Godkin* v. *Bailey* (*Court of Errors and Appeals*), 74 *Id.* 655.

The argument of the appellant for the allowance of the set-off rests upon the false assumption that the commissioner of banking and insurance is a receiver within the contemplation and control of the act relating to trust companies (4 *Comp. Stat., p.* 5654), and that section 25, which defines the powers and duties of receivers appointed under the act, among other things, provides, that "in case of mutual dealings between the corporation and any person to allow a just set-off in favor of such persons in all cases in which the same ought to be allowed according to law and equity," was applicable to the case at bar. But this is clearly not so.

The commissioner of banking and insurance in the proceedings instituted by him against the trust company derived his power and authority from the act of 1913, chapter 171, page 282. This act created an entirely independent method of procedure against insolvent trust companies, and points out in express terms what the duties and powers of the commissioner of banking and insurance are in such cases. There is no provision in the act under this procedure regarding set-offs, as is contained in the original act relating to trust companies, in cases where receivers are appointed. The provision in the trust company act relating to set-offs is not applicable where the procedure is such as was instituted in the present case.

The judgment will be affirmed, with costs.